UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SIDNEY FLETCHER                                                      MOVANT/DEFENDANT

v.                                                                      Criminal Action No.: 3:02CR-62-S
                                                                            Civil Action No.: 3:06CV-P-557-S

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF

**MEMORANDUM AND OPINION**

      Sidney Fletcher has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and this matter is ripe for adjudication. As explained below, because none of Fletcher's arguments provide a basis for relief, his motion will be denied.

**I.**

      Fletcher and his co-defendant, Dumonde Wiley, were indicted together on thirteen counts of interference with commerce by threat or violence, violations of 18 U.S.C. § 1951(a), for their robberies of thirteen businesses. Because Fletcher and Wiley used firearms in these robberies, the grand jury also charged them with thirteen corresponding counts of using or carrying a firearm in relation to a crime of violence, violations of 18 U.S.C. § 924(c).[1] A jury convicted Fletcher and Wiley of the remaining twenty-two counts, and this Court sentenced each defendant, pursuant to statutory mandatory minimums and relevant sentencing guidelines, to a total of 3,184 months imprisonment. Both appealed their convictions and sentences, which were affirmed by the Sixth Circuit Court of Appeals. *United States v. Wiley*, 132 Fed. Appx. 635 (6th Cir. 2005).

---

[1] At the close of the United States's proof, the Court dismissed counts relating to two of the robberies.

**II.**

Fletcher raises six grounds in his motion: 1) his counsel was ineffective for failing to advise the Court that the United States had not disclosed the substance of certain oral statements Fletcher made to police; 2) that trial counsel was ineffective for failing to present a claim that the federal prosecution was vindictive and constituted selective prosecution; 3) that trial counsel was ineffective for failing to argue that the type of firearm Fletcher used was not presented in the indictment; 4) that trial counsel was ineffective for failing to challenge the Court's instructions to the jury; 5) that appellate counsel was ineffective for failing to raise the issue of an alleged conflict of interest between Fletcher and his trial counsel; and 6) that appellate counsel was ineffective for failing to challenge the Court's decision to allow the United States to reopen its case to establish venue. The Court will briefly explain why each argument raised by Fletcher lacks merit.

**1.** **Rule 16 disclosures.** During a suppression hearing, the United States indicated that it intended to rely on certain unrecorded statements that Fletcher made to a detective after being Mirandized, but before he gave a tape-recorded confession. As a result, the United States was ordered to supplement its prior Rule 16 disclosures to provide more detail as to the content of Fletcher's unrecorded statements. The United States concedes that it did not make the supplemental disclosure. Fletcher now argues that his trial counsel was ineffective for failing to advise the Court of this fact.

The Sixth Amendment guarantees a criminal defendant the assistance of an attorney whose performance ensures a fair trial and a reliable result. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To prevail on an ineffective-assistance claim, a convicted defendant must

prove that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial to the defense. *Id.* at 687. The standard for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In its initial Rule 16 disclosures, the United States disclosed the fact that Fletcher admitted committing the robberies during an unrecorded conversation with police. At trial, the only testimony the United States elicited from Detective Duncan about this conversation was his testimony that:

> Essentially I had a matrix of hold ups that I suspected this individual or in this instance Mr. Fletcher had been responsible for committing. And myself and Mark Handy, actually then Detective Patterson left and Detective Mark Hickman came into the room and then we went over those offenses that Mr. Fletcher was suspected of committing. And he provided details of concerning each of the holdups that we suspected that he had committed admitting that he had, in fact, committed those offenses. And then, eventually, we asked if he would go on tape recording and he consented to do that and we prepped the tape and went on tape.

(TR Vol. III at 6). The United States then went on to introduce Fletcher's tape-recorded confession into evidence, which had previously been provided to Fletcher's counsel.

Based on the statements at the suppression hearing, Fletcher and his counsel were on notice that Fletcher had admitted committing the robberies in the unrecorded portion of his interview. Detective Duncan's trial testimony concerning those statements went no further than his testimony at the suppression hearing. Fletcher was provided with enough information related to the substance of his prior statements to effectively prepare for the evidence introduced by the United States at trial. Furthermore, in light of the testimony actually elicited at trial, the Court cannot see any possible benefit a more detailed description of the unrecorded confession would have been to Fletcher.

Therefore, even if the Court assumes that counsel's failure to object to the United States's failure to supplement its Rule 16 disclosure was deficient, Fletcher still cannot prevail on an ineffective assistance of counsel argument because he cannot show that the deficiency prejudiced him.

**2.    Vindictive or Selective Prosecution.**  Fletcher maintains that his federal prosecution was motivated, in part, by a desire to punish him for refusing to accept a plea bargain in state court and that his counsel was ineffective for failing to raise this argument on a motion to dismiss.  "A federal indictment obtained against one who has been threatened with federal prosecution for refusing to plead guilty to state charges is not subject to dismissal on grounds of 'vindictive prosecution.'"  *United States v. Forrest*, 402 F.3d 678, 691 (6th Cir. 2005).  Fletcher's trial counsel was not deficient for failing to make a baseless motion to dismiss.

Moreover, Fletcher has not alleged any facts that would tend to suggest that he had a valid claim for selective prosecution.  *United States v. Bass*, 536 U.S. 862, 863 (2002) ("A defendant who seeks discovery on a claim of selective prosecution must show some evidence of both discriminatory effect and discriminatory intent.").  As such, he cannot establish that his counsel was ineffective for failing to raise this argument.

**3.    Type of Firearm Listed in Indictment.**  Next, citing *United States v. Castillo*, 530 U.S. 120 (2002), Fletcher argues that trial counsel was ineffective for failing to argue that the type of firearm used by Fletcher was not presented in the indictment.  Title 18, United States Code, Section 924(c) prohibits the use or carrying of a "firearm" in relation to a crime of violence. The only relevant issue in *Castillo* was whether a violation of 18 U.S.C. § 924(c) involving the use or carrying of a "machine gun" in relation to a crime of violence constituted a

4

separate aggravated offense, or was merely a sentencing factor justifying a higher penalty. The Court decided that a violation of 18 U.S.C. § 924(c) involving the use or carrying of a "machine gun" in relation to a crime of violence constituted a separate aggravated offense. Nothing in *Castillo* mandates that an indictment charging an offense under 18 U.S.C. § 924(c) specify the actual type of weapon involved in the offense unless the type of firearm involved is a "machine gun" or other type of weapon which would constitute a separate aggravated offense, and therefore a higher sentence. Fletcher was not charged with a "statutory aggravator." As such, defense counsel was not ineffective for failing to raise this issue.

    **4.**   **Jury Instructions.** Fletcher argues that his trial counsel was ineffective for failing to challenge the Court's instructions regarding the requirement that the robberies in question "affected interstate commerce." This argument lacks merit. At the close of the United States's case, Fletcher's counsel moved the Court to grant a judgment of acquittal, claiming that the evidence was insufficient to sustain a conviction and that robberies did not affect interstate commerce. The Court denied counsel's motion after determining that the established authority requires only a *de minimis* impact on interstate commerce, a decision that was affirmed by the Sixth Circuit. Moreover, the jury instructions submitted to the jury correctly required them to find beyond a reasonable doubt that "the robbery delayed, interrupted or adversely affected interstate commerce." The facts alleged by Fletcher do not establish an ineffective assistance of counsel argument as related to the interstate commerce element of the trial or jury instructions.

5.      **Alleged Conflict of Interest.**  Fletcher next maintains that his appellate counsel was ineffective for failing to raise the issue of an alleged conflict of interest between Fletcher and his trial counsel related to whether trial counsel would file a motion to dismiss prepared by Fletcher.  The motion was ultimately filed and denied by the Court.  "Appellate counsel is not ineffective simply because he or she decides not to raise every possible argument on appeal." *Wright v. United States*, 182 F.3d 458, 466 (6th Cir. 1999).  The Court does not believe that a true conflict of interest existed between Fletcher and his trial counsel and can find no error in appellate counsel's failure to raise the conflict issue on direct appeal.

6.      **Decision to Re-open the Proceedings.**  Finally, Fletcher complains that his appellate counsel was ineffective for failing to challenge the Court's decision to allow the United States to reopen its case to establish venue.  The decision whether to permit a party to reopen its case-in-chief after resting is committed to the sound discretion of the trial judge.  *United States v. Blankenship*, 775 F.2d 735, 741 (6th Cir. 1985).  Fletcher cannot point to any prejudice which resulted from the United States being permitted to reopen its case for the limited purpose of establishing venue.  "Reopening is often permitted to supply some technical requirement such as the location of the crime -needed to establish venue - or to supply some detail overlooked by inadvertence."  *Id.* (citing *United States v. Hinderman*, 625 F.2d 994, 996 (10th Cir. 1980)).  The Court did not abuse its discretion in permitting the United States to reopen its case to establish venue, and appellate counsel was certainly not ineffective for failing to raise the issue on appeal.

The Court has determined that Fletchers's claims lack merit, and therefore, it will deny his § 2255 motion.

### III.

A district court must issue or deny a certificate of appealability ("COA") and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicating which specific issue or issues satisfy the showing required, ' 28 U.S.C. § 2253(c)(3), i.e., a 'substantial showing of the denial of a constitutional right.'" (citing 28 U.S.C. § 2253(c)(2)).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Supreme Court has recognized that the current version of § 2253 codified the standard set forth in *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983) and stated:

> To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893 and n. 4 ("summing up" the "substantial showing" standard).

*Slack*, 529 U.S. at 483. The Supreme Court further noted that the standard used to govern the COA analysis depended upon whether the lower court dismissed the petition after a substantive review of the merits, as in this case, or merely dismissed the petition on procedural grounds. In the case of the former, the Court held "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

7

This Court reviewed Fletcher's claims in light of the applicable law and concluded that they were meritless. And, it re-examined the merits of Fletcher's claims in light of *Slack* and § 2253(c)(2) and determined no reasonable jurist would find its assessment of the constitutional claims debatable or wrong. Accordingly, a certificate of appealability is **DENIED.**

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Movant, *pro se*
      Counsel of Record

4411.008