UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:02-CR-62-CRS

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

SIDNEY FLETCHER                                                                             DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on the motion of defendant Sidney Fletcher ("Fletcher") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Motion, DN 291. Fletcher was convicted on eleven counts of armed robbery and is serving a 3,184-month sentence. Judgment and Commitment Order, DN 187. Fletcher argues that a sentence reduction is warranted due to the unusual length of his sentence and his efforts at rehabilitation. Motion, DN 291. The United States opposed Fletcher's motion, arguing that U.S.S.G. § 1B1.13(b)(6), upon which Fletcher relies, is invalid and that rehabilitation alone cannot warrant a sentence reduction. Response, DN 297. The United States is correct on both points.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *U.S. v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). 18 U.S.C. § 3582(c)(1)(A) grants courts that authority subject to a showing of "extraordinary and compelling circumstances." Fletcher argues that as a result of the First Step Act, the sentence he is currently serving is far greater than the one that would be imposed were he sentenced today. Motion, DN 291 at PageID# 987-88. He contends that while the First Step Act is non-retroactive, the Sentencing Commission has determined that non-retroactive changes in law may constitute extraordinary and compelling circumstances "where such change would produce a gross disparity between the sentence being served and the sentence

likely to be imposed at the time the motion is filed . . . ." U.S.S.G. § 1B1.13(b)(6). But since Fetcher filed his motion, the Sixth Circuit has held that the Sentencing Commission exceeded its authority in enacting the provision upon which Fletcher relies. *U.S. v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Thus, the non-retroactive changes in law cited by Fletcher cannot be construed as extraordinary and compelling circumstances for the purpose of a sentence reduction. *Id.*

The only other circumstance Fletcher offers to support a sentence reduction is his effort at rehabilitation. However, Congress has explicitly stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994. Accordingly, Fletcher has not shown extraordinary and compelling circumstances such that a sentence reduction would be warranted. The Court will thus deny his motion.

Therefore, motion having been made and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Sidney Fletcher's Motion for Reduction in Sentence (DN 291) is **DENIED**.

May 23, 2025

Charles R. Simpson III, Senior Judge
United States District Court